IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00443-MEH

MISAEL BARDALEZ-RIVERA,

    Petitioner,

v.

LORETTA E. LYNCH, ATTORNEY GENERAL,[1] *et al.*,

    Respondents.

**ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241**

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Petitioner Misael Bardalez-Rivera's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed March 3, 2015; docket #1]. The application is fully briefed, and the Court heard oral argument on August 27, 2015. Based on the argument and the record contained herein, the Court **denies** the Petitioner's Application.[2]

**BACKGROUND**

The parties agree on all of the material facts in this case. Petitioner, a citizen of Mexico, has had several illegal entries into the United States. On one such occasion, he incurred a final order of removal dated November 23, 2012. He re-entered the United States illegally on December 12, 2012. On August 13, 2014, the United States Immigration and Customs Enforcement (ICE) agency

---

[1] Loretta E. Lynch replaced Eric Holder as U.S. Attorney General on April 27, 2015, after the filing of this action.

[2] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #13.

reinstated his prior order of removal pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. He has been detained since that date. At or about the time of his detention, Petitioner expressed a fear of returning to Mexico, which set into motion an administrative process to determine whether the United States should refrain from deporting him to Mexico. That is, an alien who has a reinstated prior order of removal and who expresses a fear of returning to his home country is referred to an asylum officer (and, if unsuccessful, to an immigration judge)[3] to determine whether the alien has a reasonable fear of persecution or torture. 8 C.F.R. § 241.8(e). If the alien succeeds in this process, he may obtain "withholding of removal," under which the Department of Homeland Security cannot execute the reinstated removal order to his country of origin. 8 U.S.C. § 1231(b)(3) (an alien may not be removed to his home country if the Attorney General decides that the alien's life or freedom would be threatened in that country due to one of the stated reasons). Even if an alien obtains relief in the reasonable fear proceedings, the reinstated removal order is not vacated or withdrawn; only its execution to the alien's home country is withheld. *See Matter of I-S & C-S-,* 24 I & N Dec. 432, 433–34 (BIA 2008) (holding that an order granting withholding of removal must include an explicit order of removal because "in order to withhold removal, there must first be an order of removal that can be withheld").

In the present case, Petitioner convinced an asylum officer of his reasonable fear. An immigration judge then placed Petitioner in a "withholding only" proceeding but, on April 14, 2015, found that Petitioner was not eligible for withholding of removal. That decision was appealed to, and affirmed by, the Board of Immigration Appeals (BIA), in a decision dated July 28, 2015. The

---

[3]If the alien is unsuccessful before *both* an asylum officer *and* an immigration judge, that is the end of the matter, and he is deported. If the alien convinces *either or both* of those persons, the matter is appealable (by the loser) to the Board of Immigration Appeals. *Luna-Garcia v. Holder*, 777 F.3d 1182, 1184 (10th Cir. 2015).

Petitioner has filed a Petition for Review with the Tenth Circuit Court of Appeals, dated August 28, 2015, No 15-9562.

The only issue before this Court is whether the August 13, 2014 reinstated removal order is "administratively final" as that term is used 8 U.S.C. § 1231(a)(1) and (2). If administratively final, Petitioner's detention is governed by Section 1231, and such detention is mandatory, at least until it runs afoul of the constitutional prohibition against indefinite detention. If Petitioner's removal order is not administratively final under Section 1231(a)(1), his detention is governed by 8 U.S.C. § 1226, under which he is entitled to a bond hearing utilizing the typical risk of flight or risk to the community analysis.

I entered an Order is a substantially similar case, *Gregorio Sanchez Reyes v. Loretta E. Lynch, Attorney General, et al.*, No. 15-cv-00442-MEH (August 28, 2015). The only factual difference between the current case and *Reyes* is that in the latter, the matter is pending before the BIA, while in the case at hand, it is on Petition for Review in the circuit court. Such a difference does not impact my analysis. For the reasons expressed in *Reyes*, Docket #29, the petition must be **denied.** Petitioner's continued detention by the Attorney General is authorized and controlled by 8 U.S.C § 1231. Petitioner is not entitled to an individualized bond hearing under 8 U.S.C. § 1226. Consequently, he has failed to demonstrate that his current detention is unlawful. Given the fact that Petitioner's detention has substantially exceeded six months, he has a remedy for seeking review of his detention order, which is the filing of a habeas corpus petition pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116 (10th Cir. 2005). Therefore, Petitioner may amend his current Petition for a Writ of Habeas Corpus to include a request for relief under *Zadvydas*. *See Soberanes*, 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas . . . [a]nd the exhaustion deficiencies we have noted in

4

other respects do not affect habeas jurisdiction over such claims.") (citations omitted). Any such amended Petition should be filed on or before 10 days after entry of this decision.

## CONCLUSION

Accordingly, based upon the foregoing and the entire record herein, the Court **denies** Petitioner Misael Bardalez-Rivera's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed March 3, 2015; docket #1].

Dated at Denver, Colorado, this 31st day of August, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge