IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00443-MEH

MISAEL BARDALES-RIVERA,

    Petitioner,

v.

LORETTA E. LYNCH, ATTORNEY GENERAL, *et al.*,

    Respondents.

---

**ORDER ON AMENDED PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Petitioner Misael Bardalez-Rivera's Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed September 4, 2015; docket #29]. The application is briefed, and the Court has determined that oral argument is not necessary. Based on the record before the Court, the Court **denies** the Amended Application.[1]

## BACKGROUND

    The parties agree on all of the material facts in this case. Petitioner, a citizen of Mexico, has had several illegal entries into the United States. On one such occasion, he incurred a final order of removal dated November 23, 2012. He re-entered the United States illegally on December 12, 2012. On August 13, 2014, the United States Immigration and Customs Enforcement (ICE) agency reinstated his prior order of removal pursuant to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8. He has been detained since that date. At or about the time of his detention, Petitioner expressed a fear

---

[1] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #13.

of returning to Mexico, which set into motion an administrative process to determine whether the United States should refrain from deporting him to Mexico. That is, an alien who has a reinstated prior order of removal and who expresses a fear of returning to his home country is referred to an asylum officer (and, if unsuccessful, to an immigration judge)[2] to determine whether the alien has a reasonable fear of persecution or torture. 8 C.F.R. § 241.8(e). If the alien succeeds in this process, he may obtain "withholding of removal," under which the Department of Homeland Security cannot execute the reinstated removal order to his country of origin. 8 U.S.C. § 1231(b)(3) (an alien may not be removed to his home country if the Attorney General decides that the alien's life or freedom would be threatened in that country due to one of the stated reasons). Even if an alien obtains relief in the reasonable fear proceedings, the reinstated removal order is not vacated or withdrawn; only its execution to the alien's home country is withheld. *See Matter of I-S & C-S-,* 24 I & N Dec. 432, 433–34 (BIA 2008) (holding that an order granting withholding of removal must include an explicit order of removal because "in order to withhold removal, there must first be an order of removal that can be withheld").

In the present case, Petitioner convinced an asylum officer of his reasonable fear. An immigration judge then placed Petitioner in a "withholding only" proceeding but, on April 14, 2015, found that Petitioner was not eligible for withholding of removal. That decision was appealed to, and affirmed by, the Board of Immigration Appeals (BIA), in a decision dated July 28, 2015. The Petitioner filed a Petition for Review with the Tenth Circuit Court of Appeals, dated August 27,

---

[2] If the alien is unsuccessful before *both* an asylum officer *and* an immigration judge, that is the end of the matter, and he is deported. If the alien convinces *either or both* of those persons, the matter is appealable (by the loser) to the Board of Immigration Appeals. *Luna-Garcia v. Holder*, 777 F.3d 1182, 1184 (10th Cir. 2015).

2015, No 15-9562. On October 16, 2015, the United States filed a notice that the Tenth Circuit has denied Petitioner's request for a stay of removal.

The only issue before this Court is whether Petitioner's detention is unlawful under the standard established by *Zadvydas v. Davis*, 533 U.S. 678 (2001). On this date I have entered an Order in a substantially similar case, *Gregorio Sanchez Reyes v. Loretta E. Lynch, Attorney General, et al.*, No. 15-cv-00442-MEH (October 19, 2015). The only factual difference between the current case and *Reyes* is that in the latter, the matter is concluded (the time for filing a petition for review with the Tenth Circuit, challenging the BIA's denial of withholding, having passed), while in the case at hand, it is on Petition for Review in the circuit court (although such court having denied a motion for stay of removal on September 16, 2015). Such a difference does not materially impact my analysis. For the reasons expressed in *Reyes*, Docket #29, the petition must be **denied.** Petitioner is not, as a matter of law, in a state of indefinite detention as defined by *Zadvydas* and those lower court decisions applying it.

## CONCLUSION

Accordingly, based upon the foregoing and the entire record herein, the Court **denies** Petitioner Misael Bardales-Rivera's Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [filed September 4, 2015; docket #29].

Dated at Denver, Colorado, this 19th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3